Veena Raj CHOPRA and Bharatraj
S. Chopra, Appellants,

v.

Myron T. HAWRYLUK, M.D., Individually
and Myron T. Hawryluk, M.D., P.A., and
John M. Young, M.D., Individually and
John M. Young, M.D., P.A., Appellees.

No. 08–93–00276–CV.

Court of Appeals of Texas,
El Paso.

Jan. 12, 1995.

Rehearing Overruled Feb. 15, 1995.

Bonnie Bratton, The Bratton Firm, P.C., Austin, for appellants.

Jack Q. Tidwell, Scott M. Tidwell, McMahon, Tidwell, Hansen, Atkins & Fowler, P.C., Odessa, Perry Davis, Jr., Joel B. Locke,

Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellees.

Before BARAJAS, C.J., and LARSEN and STEPHEN F. PRESLAR (Retired, Sitting by Assignment), JJ.

### OPINION

LARSEN, Justice.

This appeal involves summary judgment in a medical malpractice case. Defendants radiologist and treating gynecologist filed their motions for summary judgment, both of which were granted by the trial court. Plaintiffs Veena Chopra and her husband Bharatraj Chopra appeal. We reverse and remand for trial on the merits.

### FACTS

Plaintiff Veena Raj Chopra became a patient of obstetrician-gynecologist Myron T. Hawryluk in 1983. In August 1989, she found a lump in her right breast and obtained a mammogram which was interpreted as normal by John Young, a radiologist. Dr. Young nevertheless advised Ms. Chopra to consult her treating physician, so she visited Dr. Hawryluk for a breast examination. The evidence is conflicting as to whether Dr. Hawryluk then told Ms. Chopra to return after her next menstrual period for another exam, or whether he told her the lump was only a cyst and nothing to worry about.

In July 1990, Ms. Chopra was diagnosed with a malignant mass in her right breast, and prescribed a mammogram, biopsy, mastectomy, and chemotherapy. Ms. Chopra and her husband sued Dr. Young and Dr. Hawryluk for medical negligence based on their failure to diagnose breast cancer in 1989.

Both doctors filed motions for summary judgment, accompanied by their own affidavits. The Chopras filed their response contesting summary judgment, but presented no expert testimony refuting defendants' claims. The trial court entered summary judgment for both doctors. The Chopras appeal.

### STANDARD OF REVIEW

To prevail on summary judgment, defendants in a medical malpractice action must establish the following as a matter of law: (1) the applicable standard of care; (2) the treatment and services provided the patient and the reason for that treatment; and (3) that the treatment and services complied with the standard of care used by other reasonably prudent health care providers in the same or similar circumstances. *Ceballos v. El Paso Health Care Systems,* 881 S.W.2d 439, 440 (Tex.App.—El Paso 1994, writ denied); *Davis v. Manning,* 847 S.W.2d 446, 449 (Tex.App.—Houston [14th Dist.] 1993, no writ). The health care provider may also prove its right to summary judgment by establishing there was no causal connection between any breach of the standard of care and plaintiff's injury. *Ceballos,* 881 S.W.2d at 440; *White v. Wah,* 789 S.W.2d 312, 315 (Tex.App.—Houston [1st Dist.] 1990, no writ). The evidence establishing these elements may come from an interested witness, but must be clear, positive and direct, credible and free from contradictions and inconsistencies, and readily susceptible to controversion. Tex.R.Civ.P. 166a(c).

Once defendants have negated one or more essential elements of plaintiff's cause of action, the burden shifts to nonmovant to produce controverting evidence raising an issue of fact. *Pinckley v. Gallegos,* 740 S.W.2d 529, 534 (Tex.App.—San Antonio 1987, writ denied). The plaintiff is not required to show ability to prevail on the merits of the case, but need only produce evidence raising an issue of fact on the elements negated by movant's summary judgment evidence. *Cloys v. Turbin,* 608 S.W.2d 697, 700 (Tex. Civ.App.—Dallas 1980, no writ). In a medical malpractice case, establishing the right to prevail on summary judgment and negating that right depends, almost without exception, upon expert testimony. *Hart v. Van Zandt,* 399 S.W.2d 791, 792 (Tex.1966).

In reviewing the trial court's grant of summary judgment, we follow these well-established rules:

1. The movant for summary judgment has the burden of showing that there is no

genuine issue of material fact and that it is entitled to judgment as a matter of law;

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovants will be taken as true; and

3. Every reasonable inference must be indulged in favor of the nonmovants and any doubts resolved in their favor. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ Because it is plaintiff's burden to establish each element of the cause of action, if defendant submits summary judgment evidence disproving at least one element of the plaintiff's case, then the defendant's summary judgment should be granted. *Bradley v. Quality Service Tank Lines*, 659 S.W.2d 33, 34 (Tex.1983); *Rayos v. Chrysler Credit Corporation*, 683 S.W.2d 546, 547 (Tex. App.—El Paso 1985, no writ). In short, a summary judgment entered in favor of a defendant is proper only if the plaintiff could not succeed on any of the theories pleaded, as a matter of law. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970). Where a summary judgment does not state the grounds upon which it is granted, as here, an appellant must show on appeal that each of the independent grounds alleged in the motion is insufficient to support the summary judgment. *Southerland v. Northeast Datsun, Inc.*, 659 S.W.2d 889 (Tex. App.—El Paso 1983, no writ).

## DR. HAWRYLUK'S SUMMARY JUDGMENT

■ Dr. Hawryluk conceded at oral argument, and in his post-submission brief, that the Chopras have established a fact question as to breach of the gynecologist's standard of care, based upon the standard of care established by his own affidavit. This is because the evidence is disputed as to whether the doctor told Ms. Chopra to return for another examination immediately following her next menstrual period, as he claims, or whether he told her the lump was only a cyst and nothing to worry about, as Ms. Chopra testified. Dr. Hawryluk continues to assert, however, that he is entitled to summary judgment because he has established that nothing he did or failed to do was the proximate cause of any damage to Ms. Chopra. We do not agree that his summary judgment evidence established his right to prevail on this ground.

■ Dr. Hawryluk's affidavit states:

I did what the ordinarily prudent physician would have done under the same or similar circumstances and I was not negligent in any respect in my care and treatment of this lady. Based upon my medical knowledge and my years of practice, it is my opinion based upon reasonable medical probability that I did no act nor did I omit to do any act that caused any injury or damages to this plaintiff.

Affidavits that merely state conclusions are not sufficient to establish a right to summary judgment. *Armbruster v. Memorial Southwest Hospital*, 857 S.W.2d 938, 941 (Tex. App.—Houston [1st Dist.] 1993, no writ); *Martin v. Petta*, 694 S.W.2d 233, 238 (Tex. App.—Fort Worth 1985, writ ref'd n.r.e.). Dr. Hawryluk's affidavit in no way sets out how his acts or omissions could have caused no harm to Ms. Chopra: was the cancer untreatable, undiagnosable, did her treatment when the cancer was finally diagnosed effect a complete and painless cure, or would the treatment have been identical had the malignancy been discovered during that first exam? There is nothing in Dr. Hawryluk's affidavit from which the trial court could determine how the physician came to his conclusion that nothing he did or did not do harmed Ms. Chopra; for that reason, we conclude the trial court erred in entering summary judgment for Dr. Hawryluk. Plaintiffs' Point of Error One is sustained.

## DR. YOUNG'S SUMMARY JUDGMENT

■ The Chopras challenge the trial court's grant of summary judgment in favor of Dr. John M. Young, the radiologist, on the ground that it failed to outline the appropriate standard of care. We agree. Dr. Young's affidavit states only:

I am familiar with the standards of care of radiologists in Ward County, Texas. The standard of care with regard to Mrs.

Chopra's mammogram would require that the radiologist examine the mammogram x-rays and report the results in a written report. In this case I examined the screening mammogram and in my opinion the mammogram was negative. In my screening mammogram report ... I reported that there was no significant abnormality and that Mrs. Chopra had radiographically dense breasts. I also indicated that a negative x-ray report should not delay a biopsy if a dominant or clinically suspicious mass is present. The report further indicated that ⅔ percent of cancers are not identified by x-ray. This is the standard of care for radiologists in Ward County in reading mammogram x-rays and reporting the results of mammogram x-rays. The standard of care requires that the radiologist give his opinion with regard to whether or not the screening mammogram is negative or positive.

The threshold question in a medical malpractice case is the standard of care. The applicable standard must be established so the fact finder can decide if defendant deviated from it. *Armbruster*, 857 S.W.2d at 941; *Tilotta v. Goodall*, 752 S.W.2d 160, 161 (Tex. App.—Houston [1st Dist.] 1988, writ denied). In medical malpractice cases, the standard of care must be established by expert testimony. *Id.* Testimony from an interested expert, that is, the defendant doctor, can establish the standard of care and support summary judgment if the testimony is clear, direct, positive, otherwise credible, free of contradictions and inconsistencies, and capable of ready controversion. *Armbruster*, 857 S.W.2d at 941; *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991). It is not sufficient for an expert to simply state that he or she knows the standard of care and concludes it was met. Rather, the expert must state what the standard is and explain how the defendant's acts met it. *Armbruster*, 857 S.W.2d at 941; *Nicholson v. Naficy*, 747 S.W.2d 3, 4–5 (Tex.App.—Houston [1st Dist.] 1987, no writ).

Young contends that his affidavit meets these criteria, properly setting forth the standard of care for radiologists in Ward County, Texas reading mammograms. His entire description of the standard of care,

however, is simply that a radiologist should "examine the mammogram x-rays and report the results in a written report." This did not give the trial court adequate knowledge of what a reasonably prudent radiologist would do under the circumstances of this case. Young does not set out the steps necessary to properly read the x-ray, nor does he state what an adequate report should contain. The affidavit does not address Dr. Young's diagnosis of Ms. Chopra's mammogram as negative for cancer; some explanation as to why a reasonably prudent radiologist would have come to the same conclusion, in light of the malignancy discovered a year later, is necessary to support summary judgment. We conclude that Dr. Young's affidavit does not set out the applicable standard of care.

 Dr. Young also urges that he is entitled to summary judgment because the Chopras did not file controverting expert affidavits. It is true that where a summary judgment movant negates an essential element of a plaintiff's cause of action, the burden shifts to the nonmovant to produce evidence raising a fact issue on the negated element. *Pinckley v. Gallegos*, 740 S.W.2d 529, 534 (Tex.App.—San Antonio 1987, writ denied). In a medical malpractice case, where the defendant doctor has successfully negated an element of plaintiff's claim, the plaintiff must produce expert testimony to create a fact issue. *Poindexter v. Foster*, 772 S.W.2d 205, 209 (Tex.App.—Beaumont 1989, writ denied). In this case, however, Dr. Young's affidavit was insufficient to negate any element of the Chopra's claim because it did not meet the threshold requirement of establishing the standard of care. The burden, therefore, never shifted to plaintiffs to produce expert medical evidence. This argument fails.

 Finally, Dr. Young argues that summary judgment was proper because he conclusively established lack of causation. His affidavit states: "I did no act nor did I omit to do any act that caused any injury or damages to Mrs. Chopra." This argument fails, too, as lack of causation was not presented as a ground in Young's motion for summary judgment. The *motion* for sum-

mary judgment must state the specific grounds relied upon; grounds contained only in the briefs or summary judgment affidavits will not support the judgment. TEX.R.CIV.P. 166a(c); *McConnell v. Southside Independent School District,* 858 S.W.2d 337, 341 (Tex.1993). Even where the proof would support summary judgment on the causation ground, summary judgment is not proper unless the motion specifically relied upon that theory. *Evans v. Conlee,* 787 S.W.2d 570, 572 (Tex.App.—Corpus Christi 1990, writ denied). Thus, lack of proximate cause cannot be a ground for upholding summary judgment for Dr. Young. We sustain plaintiffs' Point of Error Two.

### CONCLUSION

We reverse the summary judgments as to both defendants and remand the case for trial on the merits.