David A. FRASIER and Virginia A. Frasier, Appellants,

v.

John SCHAUWEKER, Appellee.

No. 14–94–00965–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 18, 1996.

David W. Anderson, Houston, for appellants.

V. Wayne Isaacks, Houston, for appellee.

Before EDELMAN, LEE and FOWLER, JJ.

## OPINION

EDELMAN, Justice.

David A. Frasier and Virginia A. Frasier, husband and wife, appeal from a summary judgment granted in favor of John Schauweker on the ground that there were genuine issues of material fact. We reverse and remand.

The parties entered into a standard form earnest money contract[1] for Schauweker to buy, and the Frasiers to sell, a parcel of real

---

1. The contract in issue is the 03–17–92 "One to Four Family Residential Earnest Money Contract (Resale) All Cash, Assumption, Third Party Con- ventional or Seller Financing" promulgated by the Texas Real Estate Commission (TREC), TREC form no. 20–1.

estate located in Houston, Texas. Schauweker deposited $1,000 earnest money to be held in escrow by a title company. Paragraph 4(E) of the contract provided:

> Within 10 work days from the effective date of this contract, Buyer shall apply for all third party financing or noteholder's approval of any assumption and *shall make every reasonable effort to obtain financing* or assumption approval.... If financing (including any financed PMI premium) or assumption approval is not obtained within [60 or 15 [2]] days from the effective date hereof, this contract shall terminate and the Earnest Money shall be refunded to Buyer.

(emphasis added).

Schauweker applied for a loan to finance the purchase of the property, but the loan was approved for only $128,250 of the purchase price rather than $132,400, as specified in the contract. After his demand for release of the earnest money was allegedly refused, Schauweker filed suit against the Frasiers to collect the $1,000 earnest money deposit and attorney's fees of $4,000. The Frasiers counterclaimed that "Schauweker breached the agreement by not attempting to obtain financing and by demanding return of the earnest money prior to the concluding date of the contract." As a result of this alleged breach, the Frasiers claimed recovery of actual damages totaling $17,158.67 or, alternatively, liquidated damages of $1,000.

Schauweker filed a motion for summary judgment to recover on his claim and deny that of the Frasiers. As to the Frasiers' counterclaim, Schauweker's motion for summary judgment argued that:

> [Schauweker] is entitled to judgment as a matter of law that [the Frasiers] take nothing on their counter-claim because their counter-claim does not state a cause of action (sic) which relief may be granted. Further, uncontradicted summary judgment evidence establishes there is no genuine issue as to any material fact to estab-

lish that [the Frasiers'] claim for expenses, allegedly incurred in reliance on the Contract, is not permitted under the Contract. As a matter of law, more than mere reliance is required to impose liability upon [Schauweker] for these expenses. The Contract was an integrated agreement merging any prior or contemporaneous oral agreements, and permitting no changes except in writing. As a matter of law, any agreement by [Schauweker] to pay these expenses must be contained in a written agreement signed by both parties. There is no such agreement so [the Frasiers'] claim fails as a matter of law. [The Frasiers] should take nothing on their claim and [Schauweker] should have his costs and attorney's fees.

In a later section entitled "Facts," the motion alleged, among other things, that Schauweker fully complied with the contract, and that he applied for a loan, but it was approved for less than the amount specified in the contract.

In their response to Schauweker's motion for summary judgment, the Frasiers argued that there were several fact issues, including (a) whether Schauweker made every reasonable effort to obtain financing as required by the Earnest Money Contract, (b) whether the Frasiers were entitled to the Earnest Money funds as liquidated damages after rejecting the contract, and (c) whether the claimed attorney's fees were reasonable and recoverable. Among the evidence attached to the Frasiers' response was an affidavit of the Frasiers' attorney controverting the reasonableness and recoverability of attorneys fees. In addition, an affidavit of Mr. Frasier stated that when Schauweker's lender offered to loan less than the amount specified in the contract, Mr. Frasier offered to finance the balance, but Schauweker declined.

Immediately before the summary judgment hearing, Schauweker non-suited his claim against the Frasiers, apparently because his earnest money had since been re-

---

**2.** In the provision of the agreement specifying the number of days in which Schauweker was required to obtain financing, the Frasiers struck through the "60" typed in by Schauweker, wrote in "15," and initialed the proposed change. However, Schauweker did not initial it. Because this time period does not affect our decision, we need not address the effect of the proposed change.

funded. The trial court entered a take-nothing summary judgment against the Frasiers' counterclaim, and awarded Schauweker attorneys fees of $500.00 and costs. The summary judgment did not state the grounds upon which it was granted.

In their first point of error, the Frasiers claim that the summary judgment should not have been granted because there was a fact issue concerning whether Schauweker complied with the earnest money contract by making every reasonable effort to obtain financing. In addition, the Frasiers contend that actual and liquidated damages had been properly pled and were recoverable under the contract. In their second point of error, the Frasiers claim that there was also a fact issue regarding the award of attorneys fees.

 A movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Park Place Hosp. v. Estate of Milo,* 909 S.W.2d 508, 510 (Tex.1995). In reviewing a summary judgment, evidence favorable to the non-movant is taken as true, and every reasonable inference is indulged, and all doubts are resolved, in favor of the non-movant. *Id.* When a summary judgment does not specify the grounds upon which it was granted, it will be affirmed if any ground asserted in the motion has merit. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993).

### Effort to Obtain Financing

In this case, Schauweker's summary judgment was based on the contention that the Frasiers' pleading had failed to state a cause of action. Although the factual recitation of the motion alleged that Schauweker complied with the contract and applied unsuccessfully for a loan, that was not a ground on which summary judgment was sought in the motion. Thus, there is some question whether the summary judgment could be affirmed on that basis. *See* Tex.R.Civ.P. 166a(c) (a motion for summary judgment shall state the specific grounds therefor and be granted only if the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion); *Chopra v.*

*Hawryluk,* 892 S.W.2d 229, 234 (Tex.App.— El Paso 1995, writ denied) (holding that even where the proof supports judgment on a particular theory, summary judgment is not proper unless the motion specifically relies on that theory).

 Moreover, Schauweker argues that once he filed some evidence that he made a reasonable effort to obtain financing, the burden of showing a fact issue shifted to the Frasiers, and they failed to file sufficient summary judgment proof to do so. On the contrary, however, summary judgment for a defendant is proper only when the proof shows that no genuine issue of material fact exists on one or more elements of the plaintiff's cause of action, or when the defendant establishes each element of an affirmative defense as a matter of law. *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex.1990). Similarly, the trial court may not grant summary judgment by default, i.e., for lack of an answer or response to the motion by the non-movant, when the movant's summary judgment proof is legally insufficient. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979).

 Thus, in order for Schauweker to have been entitled to summary judgment on the ground that he did not breach the contract, he would have had to establish as a matter of law, among other things, that he made every reasonable effort to obtain financing. A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982). However, whether a buyer has used reasonable efforts to procure financing called for in an earnest money contract is usually a question of fact for the jury because reasonable minds can generally differ as to whether a reasonable effort has been made in a particular case. *See Fingold v. Cook,* 902 S.W.2d 579, 582 (Tex.App.— Houston [1st Dist.] 1995, writ denied); *Major Inv., Inc. v. De Castillo,* 673 S.W.2d 276, 279 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

■ In this case, while Schauweker's summary judgment affidavit indeed provided some evidence that he made an effort to obtain financing, it does not establish as a matter of law that he made every reasonable effort to do so. Despite that evidence, reasonable minds could still differ as to whether a single loan application constituted every reasonable effort, particularly in light of the evidence that the application was approved for $128,250 of the $132,400 applied for. Therefore, even if this ground was properly brought before the trial court by Schauweker's motion for summary judgment, it could not serve as a basis upon which to properly grant or affirm the summary judgment.

### Damages Recoverable

■ Schauweker's stated ground for summary judgment was that the Frasiers failed to state a cause of action because the contract barred recovery of actual damages. Because, he contends, the Frasiers did not plead liquidated damages and the contract did not allow recovery of actual damages, the Frasiers had no valid cause of action.

As to the pleading of liquidated damages, the Frasiers' First Amended Original Counterclaim alleged that Schauweker had deposited $1000 with the title company as earnest money. In the prayer, the counterclaim provided, in part:

> WHEREFORE, PREMISES CONSIDERED, Counter–Plaintiffs David A. Frasier and Virginia A. Frasier request that the Court, upon final trial hereof, render judgment for Counter–Plaintiffs and against Schauweker and that they recover:
>
> a. Damages in the amount of $17,158.67;
>
> b. Alternatively, the sum of $1,000 as liquidated damages....

■ Based on this pleading, we conclude that the Frasiers had pled liquidated damages. Because recovery of liquidated dam-

ages was pled and was not defeated by Schauweker's motion for summary judgment, summary judgment could not be validly granted or affirmed on that issue.[3]

Moreover, paragraph 15 of the contract stated:

> If Buyer fails to comply with this contract, Buyer shall be in default, and Seller may either (a) enforce specific performance, *seek such other relief as may be provided by law,* or both, or (b) *terminate this contract and receive the Earnest Money as liquidated damages,* thereby releasing both parties from this contract.

(emphasis added). Contrary to Schauweker's position, this language did not limit the Frasiers' remedy to liquidated damages, but allowed them to choose from any remedies available, including actual or liquidated damages. The Frasiers preserved that choice by pleading for actual and liquidated damages alternatively.

For the foregoing reasons, we sustain the Frasiers' first point of error, and need not address the parties' remaining contentions. We reverse the judgment of the trial court and remand the case for further proceedings.

---

3. To the extent that Schauweker wished to assert that this pleading of liquidated damages was inadequate or defective, the appropriate method was by special exception rather than summary judgment. *See* Tex.R.Civ.P. 90; *Texas Dept. of Corrections v. Herring,* 513 S.W.2d 6, 10 (Tex. 1974). In this case, Schauweker filed special exceptions, but failed to obtain a written ruling on them. Consequently, even if those special

exceptions were valid, the trial court could not have granted a "no cause of action" summary judgment without first giving the Frasiers an adequate opportunity to replead unless the petition affirmatively demonstrated that no cause of action existed or that recovery was barred, i.e., repleading could not cure the defect. *See Peek v. Equip. Serv. Co.,* 779 S.W.2d 802, 805 (Tex.1989).