**Martin and Sylvia CANTU, individually, as survivors of Erica Cantu, and as next friend of David and Elizabeth Cantu, Appellants,**

v.

**HARRIS COUNTY, Appellee.**

No. 01–95–01285–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 26, 1996.

Clinard J. Hanby, V. Dale Jefferson, Houston, for Appellants.

Stephen A. Smith, Lana Shadwick, Houston, for Appellee.

Before TAFT, HUTSON–DUNN and O'CONNOR, JJ.

## OPINION

TAFT, Justice.

This appeal originates from a wrongful death and survivor's action brought under the Texas Tort Claims Act (TTCA). Appellants, Martin and Sylvia Cantu, individually, as survivors of Erica Cantu, and as next friend of David and Elizabeth Cantu (collectively *Cantu*), appeal from a *take-nothing* summary judgment in favor of appellee, Harris County (the County). We examine the meaning and proof of the absence or existence of "actual notice" of a stop sign's removal in determining the County's liability under the TTCA. We affirm.

### Facts

Sylvia Cantu, her daughter, Erica Cantu, and several other passengers were riding in a car driven by Roy Collingsworth on October 20, 1990, when the car entered an intersection and collided with another vehicle. The collision killed Erica Cantu. Cantu

1. Harris County had brought in Collingsworth as a co-defendant.

brought this action under the TTCA, alleging the accident was caused by the County's failure to replace a missing stop sign that was down at the time of the accident.

The TTCA provides that a governmental body, such as Harris County, has no liability in connection with the removal or destruction of a traffic or road sign, signal, or warning device by a third person unless the governmental body fails to correct the removal or destruction within a reasonable time after *actual notice*. TEX. CIV. PRAC. & REM. CODE ANN. § 101.060(a)(3); *See City of Dallas v. Donovan,* 768 S.W.2d 905, 908 (Tex.App.— Dallas 1989, no writ). The County moved for summary judgment contending there was a lack of evidence the County had actual notice, prior to the accident, that the stop sign was down. In response, Cantu offered testimony from two witnesses that bystanders at the scene of the accident who appeared emotionally upset by the accident stated that they had warned the County days ago about the downed stop sign. The trial court ruled this evidence inadmissible hearsay, granted summary judgment, and dismissed the cross-action.[1]

On appeal, Cantu argues that the trial court erred in granting summary judgment for two reasons: (1) the affidavit of Richard Searl[2] and the deposition of Collingsworth were admissible evidence under the excited utterance hearsay exception and were sufficient to raise a fact issue as to the County's actual notice; and (2) the County's summary judgment proof was insufficient to conclusively negate any element of Cantu's cause of action. We review the second argument first.

### A. Summary Judgment

■ In support of its motion for summary judgment, the County attached an affidavit from Gary Stansell, the Assistant Superintendent for Roads and Bridges for precinct three in Harris County at the time of the accident. Stansell testified that he was responsible for the oversight and maintenance

2. Searl is a private investigator who arrived on the scene shortly after the accident occurred.

of Harris County roads in the area encompassing the scene of the accident. He further testified that he had no knowledge that the stop sign at the intersection had been missing prior to the accident, and he or people under his supervision checked the records at Harris County precinct three and found no notice whatsoever of any problem or complaint about the stop sign prior to the accident.

Cantu argues that Stansell's affidavit does not *conclusively* negate any element of Cantu's cause of action and, thus, the County was not entitled to judgment as a matter of law. We disagree.

■ A movant must show its entitlement to summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of its cause of action or defense as a matter of law. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990). To show its right to summary judgment, a defendant must either disprove one or more of the essential elements of the plaintiff's cause of action as a matter of law or establish all elements of its defense as a matter of law. *Id.* Once the defendant establishes a right to judgment as a matter of law, the burden shifts to the plaintiff to raise an issue of material fact precluding summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

■ The County can only be liable in this action if it failed "to correct the removal or destruction [of the stop sign] within a reasonable time *after actual notice.*" TEX. CIV. PRAC. & REM.CODE ANN. § 101.060 (Vernon 1986) (emphasis added). Thus, actual notice is an essential element of Cantu's cause of action. Actual notice is information concerning a fact actually communicated to or obtained by an employee of the governmental body responsible for acting on the information so received or obtained. *Donovan*, 768 S.W.2d at 908; *see also City of Texarkana v. Nard*, 575 S.W.2d 648, 651–53 (Tex.Civ. App.—Tyler 1978, writ ref'd n.r.e.).

Stansell and his department encompass the employees responsible for acting on any information received or obtained by Harris County. Thus, Stansell's affidavit negated the actual notice element of Cantu's cause of action, and Harris County was entitled to judgment as a matter of law unless Cantu offered controverting evidence that raised a material fact issue.

## B. Excited Utterance Exception

■ To controvert Stansell's affidavit and raise a material fact issue, Cantu offered Searl's affidavit and Collingsworth's deposition, both containing statements by unknown third parties. The third parties allegedly lived near the accident scene and told Searl and Collingsworth at the accident scene that they had notified the County on several occasions that the stop sign was down. The trial court disallowed these statements as hearsay and, thus, no material fact issue was raised. Cantu argues that the trial court abused its discretion by disallowing the statements because the statements are excited utterances, excepted from the hearsay rule.

While the parties appear to agree on appeal that the trial court sustained the County's hearsay objection and excluded the statements proffered as excited utterances, the record before us on does not contain the trial court's ruling, nor does it contain Collingsworth's deposition testimony. Furthermore, there appears to be a separate reason the trial court could have granted summary judgment which Cantu has not attacked on appeal. In the County's reply to Cantu's response to motion for summary judgment, *Donovan* was cited for the proposition that section 101.060 of the Texas Civil Practice and Remedies Code requires that actual notice be given to an "employee responsible for acting on the information so received or obtained."

Even if we considered the excited utterances upon which Cantu relies to create a fact issue regarding actual notice, there is no evidence presented that notice was given to an employee responsible for acting on the information. Cantu's summary judgment evidence shows only that notice was given to "the County." Because the trial court could have granted summary judgment on this basis, which Cantu has not attacked on appeal, it is unnecessary to address the admissibility

of the statements of Searl and Collingsworth. *See Armbruster v. Memorial Southwest Hosp.*, 857 S.W.2d 938, 941 (Tex.App.—Houston [1st Dist.] 1993, no writ) (a party seeking to overturn a summary judgment that rests on several grounds must assign error to each ground or the summary judgment will stand on any omitted ground).

Where the County presented summary judgment evidence, from those with responsibility for acting on the information, that no such information was received and Cantu presented no evidence that actual notice was given to a county employee with responsibility for acting on the information, we overrule Cantu's sole point of error and affirm the trial court's summary judgment.