Jeannette **HERNANDEZ,** Individually and on Behalf of The Estate of Antonio Hernandez, and Anthony Joseph Hernandez, an Adult Child, Appellants,

v.

Dr. Cristo **CALLE** and Santa Rosa Hospital, Appellees.

No. 04–94–00712–CV.

Court of Appeals of Texas, San Antonio.

Feb. 25, 1998.

Adam Poncio, Cerda, Garriga & Poncio, P.C., San Antonio, Frank Herrera, Jr., Law Offices of Frank Herrera, Inc., San Antonio, for Appellants.

Fred E. Davis, Mark A. Keene, Davis & Davis, P.C., Austin, William Baine, Cathy J. Sheehan, Jerry A. Gibson, Plunkett & Gibson, Inc., San Antonio, for Appellees.

Before LÓPEZ, STONE and GREEN, JJ.

## OPINION

GREEN, Justice.

Appellants' motion for rehearing is overruled; however, this court's opinion dated November 27, 1996 is withdrawn and the following is substituted therefor.

Jeanette Hernandez, individually, and as representative of the estate of Antonio Hernandez, and Anthony Joseph Hernandez, adult child ("Hernandez") filed suit for medical malpractice and now appeal from the grant of summary judgment in favor of Dr. Cristo Calle and Santa Rosa Hospital ("Calle"). Hernandez argues that the trial court erred because the evidence supporting the summary judgment is legally insufficient, and by granting summary judgment by default. We affirm the judgment of the trial court.

Antonio Hernandez went to Santa Rosa emergency room after sustaining a head injury. After initial observation by another doctor, Dr. Cristo Calle treated Antonio, ordering a CT-scan which revealed a surface bruise of the brain and signs consistent with a stroke. Dr. Calle admitted Antonio Hernandez to Santa Rosa Hospital for observation and treatment of other, unrelated medi-

cal problems. Four days later, another CT-scan was performed on Mr. Hernandez confirming the earlier stroke diagnosis. Neither scan revealed the presence of a cancerous brain tumor. A month later, after transfer to Southwest General Hospital for rehabilitation, a third brain scan, in conjunction with a magnetic resonance imaging study, revealed a large, inoperable brain tumor. Mr. Hernandez died as a result of the cancer approximately two months later.

Hernandez filed suit against Santa Rosa Hospital and Dr. Calle alleging negligent failure to properly assess the symptoms and complaints of Antonio Hernandez, failure to administer appropriate tests, failure to refer Antonio Hernandez to a specialist, and failure to diagnose cancer in a timely manner. Subsequently, Calle and Santa Rosa filed a joint motion for summary judgment, alleging no breach of duty and lack of causal connection as the grounds therefor. The affidavit of Dr. Calle was attached to the motion as summary judgment proof. Hernandez failed to respond to the motion for summary judgment.

Hernandez's first point of error complains the evidence supporting the summary judgment is not legally sufficient, asserting that Calle's affidavit is defective in that it is conclusory and fails to state that all opinions offered therein are based on reasonable medical probability.

A summary judgment movant has the burden to establish that there are no issues of material fact and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A defendant, to successfully move for summary judgment, must negate one or more elements of the plaintiff's case. *Edwards v. Garcia–Gregory*, 866 S.W.2d 780, 786 (Tex.App.—Houston [14th Dist.] 1993, writ denied); *Greene v. Thiet*, 846 S.W.2d 26, 29 (Tex.App.—San Antonio 1992, writ denied). A summary judgment cannot be granted solely on the basis that the non-movant failed to respond to the motion for summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). However, if the defendant shows that no material fact issue

exists and proves an entitlement to judgment, the burden shifts to the non-moving plaintiff to raise a fact issue to avoid summary judgment. *See Greene v. Thiet,* 846 S.W.2d at 33. If the non-movant fails to raise a fact issue under those circumstances, the summary judgment must be sustained. *See id.*

Where the non-movant fails to respond to the motion for summary judgment, any appeal is limited to the legal sufficiency of the movant's evidence. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 678. The non-movant may not raise other grounds for reversal. *Id.*

Hernandez claims that Calle's affidavit is fatally defective because it did not state that *all opinions* offered in denial of Hernandez' claims were based on a reasonable degree of medical probability, relying on *Davis v. Manning,* 847 S.W.2d 446, 449 (Tex.App.— Houston [14th Dist.] 1993, no writ). However, we find nothing in *Davis* requiring that *every opinion* expressed in the affidavit be based on a reasonable degree of medical probability in order for the affidavit to be competent to support a summary judgment.

■ In determining the adequacy of a medical expert's summary judgment affidavit, courts have consistently held that affidavits are sufficient so long as the expert's opinion regarding *causation* is based on a reasonable degree of medical probability. *See, e.g., Edwards v. Garcia–Gregory,* 866 S.W.2d at 785–87 (affirming sufficiency of one affidavit which offered an opinion as to lack of causation without referencing reasonable medical probability and affirming another which states that according to reasonable degree of medical probability that the treatment was proper and that no act or omission caused or contributed to any of the plaintiff's injuries); *Shook v. Herman,* 759 S.W.2d 743, 746–47 (Tex.App.—Dallas 1988, writ denied) (opinion on *causation* is based on reasonable degree of medical probability); *see also Duncan v. Horning,* 587 S.W.2d 471, 473 (Tex. Civ.App.—Dallas 1979, no writ) ("The defendant's affidavit . . . specifically denies each of the allegations of negligence . . . and states the opinion based upon a reasonable degree of dental probability, that no act or omission

on his part caused any damage to plaintiff."). We agree, and hold that the requirement that a medical expert's opinion be based on reasonable medical probability refers solely to the expert's opinion on causation.

The focus of Hernandez's complaint at oral argument, however, differed from her complaint that was presented in her brief. During oral argument, Hernandez urged that Calle's affidavit was deficient and, therefore, not legally sufficient evidence, because it failed to properly state the appropriate standard of medical care. Further, Hernandez maintained at oral argument that an expert's affidavit must state the proper standard of care before it can properly be used to negate the proximate cause element of the plaintiff's case.

■ In this case, we need not decide whether Calle's affidavit adequately recounts the appropriate standard of care. An affidavit that makes no reference to the appropriate standard of care may yet be sufficient to sustain a summary judgment if it serves to negate causation. The case cited by Hernandez for the proposition that, to be competent summary judgment proof, an affidavit *must* state the applicable standard of care is, instead, persuasive authority for the proposition that a recitation of the standard of care is *not* a prerequisite to negation of proximate cause. *See Chopra v. Hawryluk,* 892 S.W.2d 229, 233–34 (Tex.App.—El Paso 1995, writ denied).

In *Chopra,* the El Paso court concluded that Dr. Young's affidavit was insufficient to support his summary judgment because it failed to establish the applicable standard of care. *Id.* at 233. That notwithstanding, the court turned to the question of whether the affidavit successfully negated causation. *Id.* The court ultimately could not sustain Dr. Young's summary judgment, but not because of his failure to properly state the standard of care; rather, it was because of a procedural lapse. *Id.* Dr. Young had failed to plead lack of causation as a ground in his motion for summary judgment. *Id.* The court held that "[e]ven where the proof would support summary judgment on the causation ground, summary judgment is not proper unless the

motion specifically relied upon that theory." *Id.* at 234. Implicit in this holding is the fact that a summary judgment may be sustainable solely on proof of lack of causation.

As noted in *Chopra,* the purpose of establishing the applicable standard of care is so "the fact finder can decide if defendant deviated from it." *Id.* at 233. That issue is, therefore, quite relevant to the question of whether any breach of duty has occurred. But on the causation issue, it is irrelevant whether the health care provider deviated from a standard of care. Without regard to whether the standard of care was followed, if it can be shown that none of the acts or omissions of the defendant proximately caused plaintiff's injuries or damages, summary judgment is proper. Similarly, whether Calle's affidavit satisfactorily states the applicable standard of care is immaterial with respect to the causation issue.

 Calle's affidavit states his qualifications; describes the medical services that were performed for the patient; identifies all such treatment as being in accord with the applicable standard of medical care; and states that "it is my expert medical opinion, based upon reasonable medical probability and the applicable standard of care with which I am familiar, that nothing I or Santa Rosa Hospital did, or did not do, in the medical care and treatment of Antonio Hernandez in any way proximately caused any of the damages for which Plaintiffs now sue." This latter conclusion is supported by Calle's additional testimony that, when the cancerous tumor was discovered, it had progressed to such an extent that the patient's medical status was terminal by the time of the initial treatment date, and that the failure to diagnose the tumor in February rather than in March "made no medical difference to the patient's survival prospects."

Calle's uncontroverted affidavit denying any causal connection between his and Santa Rosa Hospital's acts or omissions and Hernandez's injuries is sufficient to conclusively negate an essential element of the plaintiff's cause of action. Hernandez's first point of error is overruled.

■ Point of error two complains that the trial court rendered summary judgment by default based solely on the plaintiff's failure to respond to Calle and Santa Rosa's joint motion for summary judgment. This argument fails for two reasons. First, Hernandez did not respond to Calle and Santa Rosa's joint motion for summary judgment and is, therefore, precluded from raising any issue on appeal other than the legal sufficiency of the evidence. Second, even if we were to consider this argument, Hernandez's rationale is erroneously grounded in the presumption that the defendants' summary judgment evidence is legally insufficient.

At the point Calle met the burden of demonstrating that there was no genuine issue of material fact and that, as a matter of law, he was entitled to summary judgment, the burden shifted to Hernandez to raise a fact issue. Having failed to respond to the defendants' joint motion for summary judgment, Hernandez could not, and did not, meet that burden. The second point of error is overruled.

The judgment is affirmed.