**Irma G. HARRIS, Appellant,**

v.

**GENERAL MOTORS CORPORATION, Appellee.**

No. 04–95–00220–CV.

Court of Appeals of Texas, San Antonio.

May 8, 1996.

Rehearing Overruled May 28, 1996.

E.B. Barretto, Law Offices of Sinkin & Barretto and Clifford C. Herberg, Jr., Rush, Herberg & Gransee, L.C., San Antonio, for appellant.

Ray A. Weed, Thad D. Spalding, and Ruth Greenfield Malinas, Ball & Weed, P.C., San Antonio, for appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

## OPINION

GREEN, Justice.

This is a products liability action. Harris appeals a take-nothing judgment rendered against her. The jury refused to find General Motors liable and returned a zero-damages finding. Harris complains the trial court erred because the jury instruction annexed to certain of the liability questions raised an inferential rebuttal issue and improperly commented on the weight of the evidence. We affirm.

Irma Harris was allegedly injured when her car was struck from behind by another vehicle. Harris sued General Motors, among others, alleging design, manufacturing, and marketing defects in the shoulder restraint system of her Chevrolet Camaro.

As submitted, jury question one asked:

Was there a design defect in the seatbelt at the time it left the possession of General Motors Corporation that was a producing cause of the injury in question?

Using similar language, questions two and three, respectively, asked if "a defect in the marketing of the seatbelt ... was a producing cause," or if the seatbelt was "unfit for ordinary purposes for which such seatbelts are used" thereby proximately causing the injury in question.

Harris did not object to the questions; but, she did protest inclusion of the instruction appended to each of the three questions by the trial court which read:

In order to answer this question yes, you must find that Irma Harris was wearing the driver restraint system of the Camaro at the time of the occurrence in question.

Harris objected contending that "the offending language would only serve to confuse the issue for the jury, and is submitted in the form of an inferential rebuttal."

In two points of error, Harris complains the trial court abused its discretion by submitting the challenged instruction because it was surplusage, constituting an improper inferential rebuttal issue and an improper comment on the weight of the evidence. By contrast, General Motors responds that, although the rules of civil procedure prohibit inferential rebuttal questions, inferential rebuttal instructions are permissible. Further, General Motors contends that the instruction is not a comment on the weight of the evidence because it in no way suggests the judge's opinion, nor does it imply that the jury should find that Harris was not wearing her seatbelt.

As a preliminary matter, however, General Motors argues that the jury's no-damages finding independently supports the trial court's take nothing judgment, and Harris's failure to challenge that jury answer renders any alleged error [1] regarding the liability findings harmless. We agree. "When a separate and independent ground that supports a judgment is not challenged on appeal, the appellate court must affirm." *San Antonio Press, Inc. v. Custom Bilt Mach.*, 852 S.W.2d 64, 65 (Tex.App.—San Antonio 1993, no writ). An unchallenged no-damages finding renders any error in the liability findings harmless. *Id.; see Hancock v. City of San Antonio*, 800 S.W.2d 881, 885 (Tex.App.—San Antonio 1990, writ denied).

Despite making oblique reference to the jury's no-damages answer, Harris does not directly challenge that finding as erroneous nor does she present argument to support such an assertion. Therefore, any complaint on the propriety of the damages answer is not preserved for review. *Prudential Ins. Co. v. J.R. Franclen, Inc.*, 710 S.W.2d 568, 569 (Tex.1986); *San Antonio Press, Inc. v. Custom Bilt Mach.*, 852 S.W.2d at 66.

---

1. The complained of instruction is not improper. Rule 277, while prohibiting inferential rebuttal questions, clearly permits such an issue to be presented as an instruction. TEX.R.CIV.P. 277; *Perez v. Weingarten Realty Investors*, 881 S.W.2d 490, 496 (Tex.App.—San Antonio 1994, writ denied). Additionally, to constitute a comment on the weight of the evidence the instruction must indicate the trial judge's opinion on the truth of the matter in question. *Plainsman Trading Co. v. Crews*, 875 S.W.2d 416, 419 (Tex.App.—San Antonio 1994), *aff'd*, 898 S.W.2d 786 (Tex.1995). An incidental comment on the evidence is not error. TEX.R.CIV.P. 277. Here, the comment on the evidence was so weak as to be no comment at all. *Plainsman Trading Co. v. Crews*, 875 S.W.2d at 419.

For the foregoing reasons, Harris's points of error are overruled and the judgment of the trial court is affirmed.