Opinion issued December 27, 2002
  










In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00461-CV




WALLACE R. BRITTON, SR. AND NANCY MURPHY, AS NEXT FRIEND
OF NORMAN BRITTON, A MINOR, Appellants

V.

THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee




On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 93947




O P I N I O N

          Appellants, Wallace R. Britton, Sr., and Nancy Murphy, as next friend of
Norman Britton, appeal from an order sustaining the plea to the jurisdiction of
appellee, the Texas Department of Criminal Justice (“TDCJ”), and rendering a final
judgment dismissing appellants’ claims. We determine whether we must affirm the
order sustaining TDCJ’s jurisdictional plea because appellants do not challenge all
of the jurisdictional plea’s grounds on appeal. We answer that question in the
affirmative and affirm.
Standard of Review
          In deciding a plea to the jurisdiction, a trial court must consider the plaintiff’s
pleadings and any evidence pertinent to the jurisdictional inquiry. See Bland Indep.
Sch. Dist. v. Blue, 34 S.W.3d 547, 554-55 (Tex. 2000); see also Texas Natural Res.
Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 2001). We review an
order on a plea to the jurisdiction by construing the pleadings in the plaintiff’s favor
and looking to the pleader’s intent. See Texas Ass’n of Bus. v. Texas Air Control Bd.,
852 S.W.2d 440, 446 (Tex. 1993).
Factual Background
          The following facts are viewed in the appropriate light. See White, 46 S.W.3d
868; Texas Ass’n of Bus., 852 S.W.2d at 446.
           During the summer of 1995, the deceased, Wallace Britton, Jr., and
approximately 45 other psychiatric inmates were being transported by bus from the
Jester IV Unit near Richmond, Texas to a hospital in another city. The correctional
officers accompanying the inmates on the bus were Charles Rinehart, James Holt, and
Thomas Davis. The unairconditioned bus broke down in 100-degree weather. 
During the two-hour wait, no inmate was allowed off the bus, and all remained
restrained. At the time, Britton was taking medication, prescribed by TDCJ’s
physicians, which predisposed him to heat stroke. Britton suffered a heat stroke that
day and died two days later.
Procedural History
          Appellants sued TDCJ, Rinehart, Holt, Davis, and Wayne Scott, the Director
of TDCJ, alleging state-law claims of negligence, wrongful death, and survival
actions


 and also section 1983 claims for violations of Britton’s Due Process and
Eighth Amendment rights. See 42 U.S.C.A. § 1983 (Supp. 2002). All claims arose
out of the alleged acts and omissions of TDCJ employees that allegedly led to
Britton’s death.
          Scott moved for summary judgment on the grounds, among others, that he was
entitled to official immunity on appellants’ state-law claims and to qualified
immunity on their section 1983 claims. See Scott v. Britton, 16 S.W.3d 173, 176
(Tex. App.—Houston [1st Dist.] 2000, no pet.) (considering Scott’s interlocutory
appeal in same lawsuit). Appellants moved for summary judgment against Scott’s
affirmative defenses. See id. The trial court denied Scott’s summary judgment
motions and sustained appellants’ summary judgment motion. See id. On Scott’s
interlocutory appeal, this Court reversed the order and rendered judgment that
appellants take nothing on their claims against Scott. See id. at 182. In reaching this
conclusion, we held that Scott had proved as a matter of law that he was entitled to
both official and qualified immunity in his individual capacity. See id. at 177-82.
          Rinehart, Holt, and Davis also moved for summary judgment on the grounds
that they were entitled to official immunity on the state-law claims and to qualified
immunity on the section 1983 claims. See Rinehart v. Britton, No. 14-99-01076-CV,
slip op. at 2-3 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (not designated for
publication) (considering Rinehart, Holt, and Davis’s interlocutory appeal in same
lawsuit). Appellants moved for summary judgment against the three officers’
affirmative defense of official immunity. See id. The trial court denied the officers’
summary judgment motion and sustained appellants’ summary judgment motion. See
id. at 3. On Rinehart, Holt, and Davis’s interlocutory appeal, the Fourteenth Court
of Appeals reversed the order and rendered judgment that appellants take nothing on
their claims against the three officers. See id. at 8. In reaching this conclusion, the
Fourteenth Court of Appeals held that Rinehart, Holt, and Davis had proved as a
matter of law that they were entitled to official immunity.


 See id. at 6-8.
          After the two interlocutory appeals had become final, TDCJ filed a plea to the
jurisdiction, asserting, among other grounds, that TDCJ retained sovereign immunity
from suit because its four employees had official and governmental immunity for the
same incident. The trial court sustained TDCJ’s plea to the jurisdiction and dismissed
appellants’ claims against TDCJ.
Affirmance Required for Failure to Assign Error
          In two issues, appellants argue that the trial court erred in dismissing their
claims against TDCJ because the TTCA waived TDCJ’s immunity from suit.
          As a governmental unit, TDCJ is immune from both suit and liability for
damages related to Britton’s death unless the TTCA waives that immunity. See Tex.
Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.025 (Vernon 1997). Appellants
relied on TTCA section 101.021 for that waiver. See id. § 101.021(1), (2). Section
101.021 provides as follows:
 
A governmental unit in the state is liable for:
 
(1)property damage, personal injury, and death proximately caused
by the wrongful act or omission or the negligence of an employee acting
within his scope of employment if:
 
(A)the property damage, personal injury, or death arises from
the operation or use of a motor-driven vehicle or motor-driven
equipment; and
 
(B)the employee would be personally liable to the claimant
according to Texas law; and
 
(2)personal injury and death so caused by a condition or use of
tangible personal or real property if the governmental unit would, were
it a private person, be liable to the claimant according to Texas law.

Id. (emphasis added). Specifically, appellants alleged that TDCJ was liable (1) under
section 101.021(1)(A) because Britton’s death arose from the operation or use of the
bus and (2) under section 101.021(2) because the hand restraints used on Britton, the
medication given him, and the bus were “condition[s] or use[s] of tangible personal
. . . property.” See id. 
          TDCJ asserted six grounds in its jurisdictional plea. One of these grounds
claimed that because two appellate courts had held that Rinehart, Holt, Davis, and
Scott enjoyed official and governmental immunity from the torts underlying
appellants’ claims against TDCJ, neither section 101.021(1) nor 101.021(2) waived
TDCJ’s immunity from suit.


 The trial court sustained TDCJ’s jurisdictional plea
without specifying the grounds for its ruling. On appeal, appellants attack only two
of the six grounds raised in TDCJ’s plea and on which the trial court could have
based its ruling.


 For example, appellants do not assign as error the plea’s “official-immunity” ground mentioned above. In fact, appellants’ brief does not even mention
the plea’s official-immunity ground. Neither did appellants raise the official-immunity ground by reply brief, although TDCJ discussed the ground in its appellee’s
brief. 
          The jurisdictional plea’s official-immunity ground is the type that could, if
meritorious (an issue that we need not decide), support dismissing all claims against
TDCJ.


 The plea’s official-immunity ground is thus an independent basis supporting
the ruling that granted the jurisdictional plea and dismissed appellants’ claims. 
Generally speaking, an appellant must attack all independent bases or grounds that
fully support a complained-of ruling or judgment. See, e.g., Harris v. Gen. Motors
Corp., 924 S.W.2d 187, 188 (Tex. App.—San Antonio 1996, writ denied); see
generally Roy W. McDonald & Elaine Grafton Carlson, 6 Texas Civil
Practice § 38:4, 1026-27 (2nd ed. 1998) [hereinafter “McDonald & Carlson”]. If
an appellant does not, then we must affirm the ruling or judgment. See, e.g., Harris,
924 S.W.2d at 188; McDonald & Carlson, § 38:4, 1026-27. This rule is based on the
premise that an appellate court normally cannot alter an erroneous judgment in favor
of an appellant in a civil case who does not challenge that error on appeal. See
Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993).


 The reasoning is that, if an
independent ground fully supports the complained-of ruling or judgment, but the
appellant assigns no error to that independent ground, then (1) we must accept the
validity of that unchallenged independent ground, see Walling, 863 S.W.2d at 58, and
thus (2) any error in the grounds challenged on appeal is harmless because the
unchallenged independent ground fully supports the complained-of ruling or
judgment.
          The rule that an appellant must attack all independent grounds supporting a
judgment has been applied in many instances. For example, when a summary
judgment motion alleges multiple grounds and the order granting summary judgment
does not specify the ground on which the summary judgment was rendered, the
appellant must challenge and negate all summary judgment grounds on appeal. See
Ellis v. Precision Engine Rebuilders, Inc., 68 S.W.3d 894, 898 (Tex. App.—Houston
[1st Dist.] 2002, no pet.); Armbruster v. Mem’l Hosp. S.W., 857 S.W.2d 938, 941
(Tex. App.—Houston [1st Dist.] 1993, no writ). “If summary judgment may have
been rendered, properly or improperly, on a ground not challenged, the judgment
must be affirmed.” Ellis, 68 S.W.3d at 898. Similarly, an appellate court will
overrule a challenge to fact findings that underpin a legal conclusion or disposition
when other fact findings that also support that legal conclusion or disposition go
unchallenged. See In the Matter of L.R., 67 S.W.3d 332, 339 (Tex. App.—El Paso
2001, no pet.). The same result obtains when more than one legal conclusion
independently supports a judgment or ruling, but the appellant challenges only one
of those legal conclusions on appeal. See Midway Nat’l Bank v. W. Texas Wholesale
Supply Co., 453 S.W.2d 460, 460-61 (Tex. 1970). Likewise, when independent jury
findings fully support a judgment, an appellant must attack each independent jury
finding to obtain a reversal. See Harris, 924 S.W.2d at 188.
          The same logic applies to a plea to the jurisdiction, based on multiple grounds,
that the trial court sustains without specifying grounds. At least one court of appeals
has affirmed an order granting a jurisdictional plea without specifying grounds
because the appellant did not challenge each ground asserted in the plea. See Garcia
v. Pharr, San Juan, Alamo Indep. Sch. Dist., 513 S.W.2d 636, 641-42 (Tex.
App.—Corpus Christi 1974, writ ref’d, n.r.e.). We see no reason not to do the same.


 
Accordingly, we overrule both of appellants’ issues, which challenge only some of
the jurisdictional plea’s grounds, because appellants do not challenge the sustaining
of the jurisdictional plea on the alternative ground of official-immunity (among other
grounds). Cf. Ellis, 68 S.W.3d at 898.

Conclusion
          We affirm the judgment of the trial court.


     Tim Taft
     Justice

Panel consists of Justices Taft, Alcala, and Price.




Publish. Tex. R. App. P. 47.