**William Drew PERKINS, Appellant,**

v.

**Cindy DIGGS, Appellee.**

No. 09–02–498–CV.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 6, 2003.

Decided Oct. 16, 2003.

William Drew Perkins, Lufkin, pro se.

Erik Walker, Hissey, Keintz & Herron, PLLC, Houston, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DON BURGESS, Justice.

Cindy Diggs sued her former attorney, William Drew Perkins, for malpractice in his representation of her regarding her deceased father's estate. The trial court entered judgment on a jury verdict for Diggs from which Perkins appeals.

Perkins, who admittedly failed to name an executor when he drafted the deceased's will, brings one issue. Citing *Vinson & Elkins v. Moran,* 946 S.W.2d 381, 401 (Tex.App.-Houston [14th Dist.] 1997, writ dism'd by agr.), Perkins argues Diggs individually may not recover from him for his negligence in failing to name an independent executor in the will he drafted for her father.

■ We agree generally that an attorney owes a duty of care only to his or her client, not to third parties who may have been damaged by the attorney's negligent representation of the client. *See Barcelo v. Elliott,* 923 S.W.2d 575, 577 (Tex.1996). But Diggs does not assert a third party claim. Further, Perkins does not maintain that any of the jury's findings allowed the recovery of a third party claim. Diggs sued Perkins for his representation of her, not that of the deceased or deceased's estate. And Perkins does not challenge Diggs's assertion that they had an attorney/client relationship separate from his representation of the deceased in the will drafting.

■ Among other causes of action, Diggs sued Perkins for breach of contract and implied warranty and breach of fiduciary duty. The jury found in Diggs's favor on these issues as well as others that support the verdict and judgment. As Perkins does not contest these findings, we overrule his issue and affirm the verdict and judgment. *See Harris v. Gen. Motors Corp.,* 924 S.W.2d 187, 188 (Tex.App.-San Antonio 1996, writ denied).

AFFIRMED.