Opinion issued April 20, 2006













     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01057-CV




ABBAS YAZDCHI, HABIBOLLAH YAZDCHI, and AHMAD YAZDCHI,
Appellants

V.

ROBERT S. BENNETT, Appellee




On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2004-19242




MEMORANDUM OPINION
          Appellants, Abbas and Habibollah Yazdchi, challenge the trial court’s
dismissal of their suit against appellee, Robert S. Bennett.


 Appellants contend the
trial court abused its discretion in dismissing the case as having no basis in law or fact
under Section 13.001 of the Texas Civil Practice and Remedies Code. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
          On April 14, 2004, Habibollah Yazdchi, along with his two sons, Abbas and
Ahmad, filed suit against Robert S. Bennett for conversion, negligence, fraud, unjust
enrichment, breach of contract, breach of fiduciary duty and legal malpractice.


 
These allegations stem from Bennett’s representation of Ali Yazdchi, Habibollah’s
other son, in a DTPA action brought by the State. Appellant’s allege that, in
Bennett’s attempt to recover his attorney’s fees from Ali, Bennett allegedly
discovered a bank account owned by the Yazdchi family and removed over $150,000
from the account. Appellants further allege that, because Ali did not own the money
in the bank account and because Ali informed Bennett the money was not his, Bennett
was not authorized to remove the money from the bank account.
          On June 3, 2004, Bennett filed a motion to dismiss, asserting that Habibollah’s
affidavit of indigency was false, that appellants’ claims have no basis in law or fact,
and that the statute of limitations for appellants’ claims bar their recovery. On July
16, 2004, the trial court held a hearing on Bennett’s motion, but neither Abbas,
Ahmad nor Habibollah appeared. Because of their failure to appear, Bennett moved
to dismiss on those grounds as well. That same day, the trial court granted Bennett’s
motion and entered a written order dismissing appellants’ claims without indicating
the grounds therefor. 
DISCUSSION
          Appellants contend that the trial court abused its discretion in dismissing their
case as having no basis in law or fact under Section 13.001 of the Texas Civil
Practice and Remedies Code. However, appellants do not challenge the trial court’s
dismissal on all possible grounds asserted in Bennett’s motion. Specifically,
appellants do not attack Bennett’s contention that limitations bars appellants’ claims.
          An appellant must attack all independent bases or grounds that fully support
a complained-of ruling or judgment. Britton v. Tex. Dep't of Criminal Justice, 95
S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.); see, e.g., Harris v.
Gen. Motors Corp., 924 S.W.2d 187, 188 (Tex. App.—San Antonio 1996, writ
denied). If an appellant does not, then we must affirm the ruling or judgment. 
Britton, 95 S.W.3d at 681. This rule is based on the premise that an appellate court
normally cannot alter an erroneous judgment in favor of a civil appellant who does
not challenge that error on appeal. See Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex.
1993). If an independent ground is of a type that could, if meritorious, fully support
the complained-of ruling or judgment, but the appellant assigns no error to that
independent ground, then we must accept the validity of that unchallenged
independent ground. See id. at 58. Thus, any error in the grounds challenged on
appeal is harmless because the unchallenged independent ground could, if
meritorious, fully support the complained-of ruling or judgment. Britton, 95 S.W.3d
at 680-81 (stating that an appellate court normally cannot alter an erroneous judgment
in favor of an appellant in a civil case who does not challenge that error on appeal). 
Here, limitations would fully support the trial court’s dismissal, and because
appellants do not complain of this, we must accept the validity of the limitations
ground and affirm the judgment of the trial court. See Walling, 863 S.W.2d at 58-59;
see Britton, 95 S.W.3d at 680-81.CONCLUSION
          We affirm the judgment of the trial court.
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Alcala.