Opinion issued January 22, 2009 

















In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00328-CV

____________


MICHAEL FONTENOT, Appellant


V.


MARK EDWARD LITTLE AND COMCO DIRECT COMPANY, Appellees






On Appeal from 11th District Court

Harris County, Texas

Trial Court Cause No. 2004-23855






MEMORANDUM OPINION


 Appellant Michael Fontenot appeals the trial court's order for sanctions in the
amount of $20,000 in favor of appellees Mark Edward Little and Comco Direct
Company (Comco). See Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code Ann. 

§ 10.001(1) & (2) (Vernon 2002). In his sole issue, Fontenot asserts that the trial court
abused its discretion by ordering sanctions under Rule 13 of the Texas Rules of Civil
Procedure. See Tex. R. Civ. P. 13. Little and Comco respond on appeal that the order
must be upheld because Fontenot failed to challenge each of the grounds under which
it could be supported and, alternatively, the sanctions were meritorious. Because
Fontenot does not challenge the trial court's order under Chapter 10 of the Texas Civil
Practice and Remedies Code, which is an independent basis for the trial court's order,
we affirm. Background

 Fontenot was injured when he was involved in an automobile accident with
Little, who was driving a vehicle owned by Comco. Fontenot filed suit against Little
and Comco, alleging various causes of action. The jury found against Fontenot on all
the causes of action, ultimately resulting in a take-nothing judgment. 

 At trial, Fontenot testified about a prior injury he received 10 years before the
automobile accident. During his direct examination, Fontenot said he fell 15 feet and
suffered a broken foot. Fontenot testified that he did not experience back and neck
pain as a result of the prior injury, from which he recovered fully. During cross-examination, Fontenot changed his testimony by acknowledging he actually fell 30
feet, resulting in four cracked vertebrae, neck and back pain, numbness in his left hand,
an inability to return to work for years, and a whole-body strength impairment rating
of 25% plus a whole-body range-of-motion impairment rating of 14%. Fontenot also
admitted to consulting a spinal surgeon just one month before the automobile accident. 

 During trial, Fontenot also testified inconsistently regarding the reason for his
low earnings. Fontenot claimed that his earnings since the automobile accident could
have been double if not for his injuries, and he testified that his earnings from the year
prior to the automobile accident were uncharacteristically low because he took six to
eight months off work to attend to family matters. On cross-examination, Fontenot
admitted that his timesheet records for the year prior to the automobile accident did not
reflect his taking six to eight months off.

 Prior to entry of the judgment, Little and Comco requested an order for sanctions
against Fontenot and his attorney in the amount of $50,637.40. The motion for
sanctions asserted, among other reasons, that Fontenot provided false testimony
regarding his prior accident, including the nature, extent, and duration of his injuries,
medical treatment, and recovery. Moreover, the motion for sanctions stated, "There
was little or no basis" for Fontenot's claims. The trial court denied the motion for
sanctions against Fontenot's attorney but granted the motion for sanctions against
Fontenot. The trial court sanctioned Fontenot $20,000 "pursuant to Texas Rule of Civil
Procedure 13, pursuant [to] Chapter 10 of the Texas Civil Practice and Remedies Code,
and pursuant to the Court's inherent powers." 

Sanctions

 Rule 13 of the Rules of Civil Procedure provides that the signature of an attorney
constitutes a certificate that the pleading, motion, or other paper, to the best of his
knowledge, "is not groundless and brought in bad faith or groundless and brought for
the purpose of harassment." Tex. R. Civ. Proc. 13. The rule thus protects against
"groundless" pleadings and motions. For the purposes of the rule, groundless "means
no basis in law or fact and not warranted by good faith argument for the extension,
modification, or reversal of existing law . . . ." Id.

 Chapter 10 of the Civil Practice and Remedies Code provides that the signing
of a pleading or motion constitutes a certificate by the signatory that, to the best of the
signatory's knowledge, "the pleading or motion is not being presented for any improper
purpose, including to harass or to cause unnecessary delay or needless increase in the
cost of litigation," and "each claim, defense, or other legal contention in the pleading
or motion is warranted by existing law or by a nonfrivolous argument for the extension,
modification, or reversal of existing law or the establishment of new law." Tex. Civ.
Prac. & Rem. Code Ann. § 10.001(1) & (2). Thus, there are two requirements under
Chapter 10: (1) that the claims made in pleadings not be frivolous; and (2) that the
pleadings not be made for an improper purpose. A finding of either requirement
supports the imposition of sanctions. Id. § 10.004 (Vernon 2002). 

 An appellant must attack all independent grounds that fully support an adverse
ruling. Britton v. Tex. Dep't of Criminal Justice, 95 S.W.3d 676, 681 (Tex.
App.--Houston [1st Dist.] 2002, no pet.); see Harris v. Gen. Motors Corp., 924 S.W.2d
187, 188 (Tex. App.--San Antonio 1996, writ denied). If an appellant fails to do so,
we must affirm. Britton, 95 S.W.3d at 681. Rule 13 and Chapter 10 are independent
grounds on which the trial court based its ruling. Fontenot does not raise a challenge
under Chapter 10, which could, if meritorious, independently support the order for
sanctions. We overrule Fontenot's sole issue. Because Fontenot does not challenge
all the grounds under which the sanction order was imposed, we must uphold the order. 
See Britton, 95 S.W.3d at 676 (affirming order granting plea to jurisdiction because
appellant did not challenge all grounds on which order could have been based). 






Conclusion

 We affirm the trial court's order. All pending motions are denied. 

 

 Elsa Alcala

 Justice 

 

Panel consists of Chief Justice Radack and Justices Alcala and Hanks.