

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00309-CV

Jo Ann **RIVERA**, Victoria Rivera and Philip M. Ross,
Appellants

v.

**SAN ANTONIO WATER SYSTEM**,
Appellees

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2022-CI-08262
Honorable Antonia Arteaga, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:         Rebeca C. Martinez, Chief Justice
                 Irene Rios, Justice
                 Lori I. Valenzuela, Justice

Delivered and Filed: May 24, 2023

AFFIRMED

Appellants Jo Ann Rivera ("Jo Ann"), Victoria Rivera ("Victoria"), and Philip M. Ross[1]

appeal the trial court's grant of San Antonio Water System's ("SAWS") plea to the jurisdiction

asserting sovereign immunity. We affirm.

---

[1] Ross is a party to the appeal and acted as counsel for appellants in the trial and appellate court. On April 4, 2023, Ross withdrew as counsel due to his retirement from the practice of law.

## BACKGROUND

SAWS is an agency of the City of San Antonio ("COSA") established for the purpose of operating and managing COSA's combined water, wastewater, and reuse systems. On February 7, 2017, SAWS entered a construction contract with Southland/Renda Joint Venture. The construction contract covered a sewer and pipe replacement project called "E-19: Seguin Road to Nacogdoches Road, Segment 1" (the "Project"). SAWS undertook the Project as part of its ongoing efforts to eliminate sanitary sewer overflows in compliance with a 2013 consent decree between SAWS and the United States of America and the State of Texas. In essence, the Project sought to replace and upsize approximately six miles of wastewater main along Holbrook Road beginning in 2017.

Appellant Jo Ann owns approximately thirty acres of land and buildings located at 1006 Holbrook Road, San Antonio, Texas (the "Rivera Property"). Pursuant to a March 31, 2006 warranty deed, Jo Ann conveyed to COSA 4.654 acres located across Holbrook Road from the Rivera Property (the "Park Property"). The deed conveying the Park Property to COSA provides:

1. "This grant is expressly conditioned upon the use of the [Park] Property by [COSA] and the public solely for park and drainage purposes,"

2. "[COSA] also obligates itself to preserve and maintain the [Park] Property for park and drainage purposes, and this obligation includes mowing and the removal of rubbish,"

3. "[Jo Ann] may use the [Park] Property during her lifetime for any purpose that does not conflict with the use and maintenance of the [Park] Property for the public purposes set forth herein," and

4. "[COSA] agrees not to place parking facilities, buildings, pavilion or picnic facilities on the [Park] Property during [Jo Ann]'s lifetime."

Pursuant to the deed, COSA owns the Park Property subject to these enumerated contractual conditions.

Although she owns no interest in either property, appellant Victoria resides at and operates a bi-monthly market on the Rivera Property. Appellant Philip M. Ross likewise resides at the Rivera Property and uses a portion of the property as his law office.

Oscar Renda Contracting, Inc. ("ORC") acted as an independent pipeline contractor for the Project. ORC's construction activities in furtherance of the Project constitute the basis for appellants' complaints. According to appellants, ORC breached its agreements with SAWS, failed to complete the Project, and terminated work on the project in January 2020. Appellants claim ORC undertook the Project without due care and for an unreasonably long period of time. Appellants also assert Jo Ann regularly complained to SAWS regarding ORC's work on the Project, and SAWS assured Jo Ann it would mediate or mitigate all issues with ORC.

Appellants further allege COSA was responsible for maintenance, repair, and supervision of the road, bike trail, and city park in the vicinity of the Rivera Property and the Park Property. They assert the warranty deed constitutes an enforceable agreement that COSA (and therefore SAWS) breached by allowing ORC to take or damage the Park Property; failing or refusing to perform its duty to maintain access to the Park Property; and failing or refusing to manage and maintain the Park Property in a suitable condition, which prevented Jo Ann from fully exercising her right to the use and enjoyment of the Park Property.

Appellants further allege COSA intentionally breached its duty to Jo Ann and the public when it allowed ORC to create and maintain a negligent public nuisance associated with the Project on all or part of the Park Property. Specifically, appellants allege negligent nuisances arising out of (1) ORC's installation/maintenance of temporary/permanent sewer service and (2) ORC's use of a temporary above-ground water main for an unreasonably long period of time without proper maintenance. Appellants assert they were damaged in three ways: (1) interference with their reasonable use and enjoyment of the Rivera Property and Park Property; (2) unspecified personal

injuries; and (3) unspecified damage to the Rivera Property. They assert SAWS's failure to supervise ORC was done for the public purpose of avoiding costs associated with mitigating the alleged nuisances caused by ORC and avoiding payments to appellants to possess and use the Rivera Property, and the nuisances rise to the level of an inverse condemnation—a taking—by SAWS.

On March 10, 2020, appellants filed an original petition alleging a single negligent nuisance claim against SAWS, ORC, and COSA. In response, SAWS filed a plea to the jurisdiction asserting immunity. Appellants subsequently amended their petition to assert: (1) a claim for inverse condemnation (takings); (2) waiver pursuant to the Texas Tort Claims Act (the "TTCA"); and (3) waiver under the Texas Uniform Declaratory Judgments Act (the "UDJA"). The trial court granted SAWS's plea to the jurisdiction and severed appellants' claims against SAWS from their claims against ORC and COSA.[2] This appeal followed.

## STANDARD OF REVIEW

To establish subject matter jurisdiction, a plaintiff must allege facts that affirmatively demonstrate the court's jurisdiction to hear the claim. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). A plaintiff also bears the burden of establishing a waiver of sovereign immunity in suits against the government. *Id.* A party may contest a trial court's subject matter jurisdiction by filing a plea to the jurisdiction. *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016). We review a trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Id.* at 160; *County of Bexar v. Steward*, 139 S.W.3d 354, 357 (Tex. App.—San Antonio 2004, no pet.).

---

[2] The order granting SAWS's plea to the jurisdiction was signed by the Honorable John D. Gabriel.

Our de novo review looks to the pleader's intent and construes the pleadings in its favor. *Houston Belt*, 487 S.W.3d at 160. However, we are "not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Shady Shores*, 590 S.W.3d at 550 (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000)). When a plea to the jurisdiction challenges the existence of jurisdictional facts with supporting evidence, the standard of review mirrors that of a traditional summary judgment: all the evidence is reviewed in the light most favorable to the plaintiff to determine whether a genuine issue of material fact exists. *Id.* (citing *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004)).

"When a jurisdictional issue is not intertwined with the merits of the claims . . . disputed fact issues are resolved by the court, not the jury." *Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 149 (Tex. 2015) (per curiam). When jurisdiction implicates the merits, we review the plea as a matter of law if relevant evidence is undisputed or fails to raise a fact question. *Miranda*, 133 S.W.3d at 228; *see also City of San Antonio v. Rosenbaum*, No. 04-11-00498-CV, 2011 WL 6739583, *1 (Tex. App.—San Antonio Dec. 21, 2011, no pet.) (mem. op.). "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Miranda*, 133 S.W.3d at 227–28.

## SOVEREIGN IMMUNITY

As a governmental entity, SAWS is generally immune from suit. *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 135 (Tex. 2015). In three issues, appellants assert waivers of immunity (1) pursuant to the TTCA; (2) as a matter of inverse condemnation (takings); and (3) under the UDJA. We address each in turn.

***Texas Tort Claims Act***

In their first issue, appellants assert waiver of immunity pursuant to the Texas Tort Claims Act. Although appellants' brief argues the applicability of the statutory waiver to its claims, it does not address the notice requirements of the TTCA—a jurisdictional prerequisite to suit. *See Worsdale v. City of Killeen*, 578 S.W.3d 57, 62 (Tex. 2019) (stating notice under TTCA is "a jurisdictional prerequisite to suit" in contrasting arguments regarding statutory waiver and notice).

"When a separate and independent ground that supports a judgment is not challenged on appeal, [we] must affirm." *Harris v. Gen. Motors Corp.*, 924 S.W.2d 187, 188 (Tex. App.—San Antonio 1996, writ denied); *Fitzsimmons v. Killeen Indep. Sch. Dist.*, No. 03-19-00535-CV, 2020 WL 4726697, at *2 (Tex. App.—Austin Aug. 14, 2020, pet. denied) (mem. op.) ("If an appellant does not challenge every ground that could have independently supported the trial court's ruling, 'we must accept the validity of the unchallenged ground and affirm the adverse ruling.'").

The trial court's judgment could have rested on a lack of notice under the TTCA—an issue that appellants failed to raise in their brief. We must accept the validity of the unchallenged ground and affirm the trial court's adverse ruling with respect to appellants' assertion of waiver under the TTCA. *See Harris*, 924 S.W.2d at 188. We overrule appellants' first issue.

***Inverse Condemnation/Takings***

In their second issue, appellants assert waiver of immunity pursuant to an inverse condemnation (takings) claim.[3]

*Applicable Law*

The "takings clause" of the Texas Constitution provides that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being

---

[3] Appellants assert inverse condemnation waiver on behalf of only Jo Ann because Victoria and Ross do not own any interest in the properties.

made . . . ." TEX. CONST. art. I, § 17. Sovereign immunity does not shield governmental entities from takings claims. *City of Del Rio v. Felton*, No. 04-06-00091-CV, 2007 WL 247655, at *6 (Tex. App.—San Antonio Jan. 31, 2007, no pet.) (citing *Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex. 1980)) (mem. op.).

"To establish a takings claim, the Plaintiff must show that (1) the City intentionally performed certain acts in the exercise of its lawful authority; (2) the acts were the proximate cause of the taking, damaging, or destroying of property; (3) the plaintiff has an ownership interest in the property; and (4) the taking, damaging, or destroying of the property was for public use." *Id.* at *19 (citing *Steele*, 603 S.W.2d at 788–92). A plaintiff must plead facts establishing a facially valid takings claims to invoke waiver of governmental immunity. *Id.* Whether particular facts are enough to constitute a taking is a question of law. *Id.*

When "a governmental entity physically damages private property in order to confer a public benefit, that entity may be liable under [the takings clause], if it (1) knows that a specific act is causing identifiable harm; or (2) knows that the specific property damage is substantially certain to result from an authorized government action . . . ." *City of Dallas v. Jennings*, 142 S.W.3d 310, 314 (Tex. 2004). But when "damage is merely the accidental result of the government's act, there is no public benefit and the property cannot be said to be 'taken or damaged *for public use*.'" *Id.* at 313 (emphasis in original). "Thus, negligence that merely contributes to the damage or destruction of property does not constitute a taking." *Felton*, 2007 WL 247655, at *6.

*Analysis*

Jo Ann's takings claim is based on three categories of alleged conduct: (1) temporary restriction of access to the Rivera Property from the closure of Holbrook Road from March 2018 through February 2020; (2) partial loss of a parking area on the Park Property interfering with Jo Ann's rights under the warranty 2006 deed; and (3) encroachment on the Park Property because

of activities taken in furtherance of the Project, including (a) storing mechanized equipment during operations, (b) allowing toxic gas to escape from the pipeline into the atmosphere, (c) blocking or diverting vehicle traffic, (d) damaging pavement, and (e) preventing proper maintenance of the Park Property.

Appellants admit each of the alleged harms were the result of actions taken by SAWS's independent contractor, ORC; however, they allege SAWS failed to supervise, mitigate, or mediate to prevent the alleged harms. Although "[e]vidence of the governmental entity's failure to avoid preventable damage may be evidence of negligence," it "is not necessarily evidence of the entity's intent to damage the plaintiff's property." *San Antonio Water Sys. v. Overby*, 429 S.W.3d 716, 719 (Tex. App.—San Antonio 2014, no pet.). Appellants' live pleadings allege *no* facts that can be construed as demonstrating SAWS's intent to damage either the Rivera Property or Park Property. Rather, construing appellants' pleadings in their favor, appellants' allegations against SAWS assert negligence.

Because the damages alleged by appellants are at best the accidental or negligent result of the government's purported failure to supervise, mitigate, or mediate ORC's work on the Project, there is no public benefit, and the properties cannot be said to be "taken or damaged *for public use*." *See Jennings*, 142 S.W.3d at 313 (emphasis in original). Moreover, because Jo Ann's takings claims are based on SAWS's supervisory role and purported failure to act, she cannot establish SAWS "intentionally *performed* acts in the exercise of its lawful authority." *Felton*, 2007 WL 247655, at *7 (emphasis added). Each of these constitutes an independent requirement to establish a facially valid takings claim. *See Felton*, 2007 WL 247655, at *19. Accordingly, we hold Jo Ann failed to meet her burden to allege facts that establish a facially valid takings claim. We overrule appellants' second issue.

***Texas Uniform Declaratory Judgments Act***

In appellants' third issue, Jo Ann asserts waiver of immunity under the UDJA.[4]

*Applicable Law*

"While the [UDJA] waives sovereign immunity for certain claims, it is not a general waiver of sovereign immunity." *Tex. Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011) (citing TEX. CIV. PRAC. & REM. CODE § 37.006(b) and *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009)). Rather, the UDJA provides only a limited waiver for challenges to the validity of an ordinance or statute. *Shady Shores*, 590 S.W.3d at 552.

"UDJA claims requesting other types of declaratory relief are barred absent a legislative waiver of immunity with respect to the underlying action." *Id*. at 553. "The UDJA does not waive . . . immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law." *Tex. Dept. of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011).

*Analysis*

Jo Ann seeks a declaration regarding Jo Ann's reservation of rights with respect to the Park Property under the 2006 warranty deed by which she conveyed the property to COSA. Because the 2006 warranty deed is not an ordinance or statute, the limited waiver under the UDJA is inapplicable. *See Shady Shores*, 590 S.W.3d at 552. Jo Ann's request for declaratory relief "does not fall within the scope of [the UDJA's] express waivers." Jo Ann also cannot establish waiver of immunity with respect to the underlying actions (i.e., TTCA and takings claims). We therefore hold appellants failed to meet their burden of establishing waiver of immunity under the UDJA. We overrule appellants' third issue.

---

[4] Appellants assert declaratory judgment waiver on behalf of only Jo Ann because it is predicated on her reservation of rights under the 2006 warranty deed, which neither Victoria nor Ross are a party to or assignee of.

**CONCLUSION**

Having overruled each of appellants' issues, we affirm the judgment of the trial court.


Lori I. Valenzuela, Justice