

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-22-00193-CV

Alfonso **TREVIÑO** III, Individually and as Representative and Beneficiary of the Estate of
Geraldine Treviño, and as Next Friend of C.T. and A.T. IV, Minors,
Appellant

v.

**CITY OF SAN ANTONIO**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI17867
Honorable David A. Canales, Judge Presiding[1]

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: December 13, 2023

AFFIRMED

       This case involves a car accident between a car driven by Alfonso Treviño and a truck

stolen by Alejandro Orozco Jr.  At the time of the accident, Officer Ejinio Flores, a uniformed San

Antonio Police Officer, was following Orozco in a marked San Antonio Police Department

(SAPD) patrol car with activated sirens and emergency lights.  As a result of the accident,

Geraldine Treviño, a passenger in Treviño's car, lost her life and Alfonso sustained injuries.

---

[1] The Honorable Larry Noll, a visiting judge, signed the order made the basis of this appeal.

The trial court granted the City of San Antonio's plea, dismissed the case for want of jurisdiction, and Treviño appealed. We affirm the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

**A.      Factual Background**

The pertinent facts are as follows. On September 15, 2015, Officer Flores was driving his patrol car when he heard a call over the police radio from SAPD Detective Kenneth Tollett requesting assistance. Detective Tollett, who was undercover on surveillance, stated he witnessed someone steal a Ford F-250 truck from a restaurant parking lot. Detective Tollett provided Officer Flores with a description of the stolen truck and its direction of travel. Officer Flores proceeded to an intersection in the truck's path.

Officer Flores spotted the stolen truck, which was traveling on the opposite side of the road. As the truck approached the intersection, Officer Flores saw the truck go around traffic and run a red light. The truck drove past Officer Flores's patrol car and turned into a parking lot. As the truck passed by, Officer Flores made eye contact with its driver. Officer Flores was able to determine that the driver was the only occupant in the truck, and that he was a Latin male in his early thirties wearing a red baseball cap. Officer Flores later identified Orozco as the driver of the stolen truck.

After the truck passed him, Officer Flores activated the emergency lights of his patrol car and made a U-turn to follow the truck. The truck entered the southbound access road of IH-10 towards Huebner Road. Officer Flores engaged his siren and continued following the truck. As he followed, Officer Flores determined that Orozco's reckless actions were a threat to public safety, an emergency that would require him to stop the stolen vehicle and apprehend the driver. Orozco then entered another intersection on a red light and collided with Treviño's car. As he approached the accident scene, Officer Flores radioed for emergency assistance.

When he arrived at the accident scene, he saw Orozco walk away from the stolen truck. He approached Orozco, and with the help of other officers, detained him.

## B.  Procedural Background

Treviño sued Orozco and the City on his own behalf, on behalf of his wife's estate, and on behalf of their minor children. The City filed an answer and a plea to the jurisdiction with a motion to dismiss, which it later supplemented to incorporate developed evidence.

In support of its plea to the jurisdiction, the City asserted three independent grounds for dismissal: (1) the City retained governmental immunity from suit because Treviño's claims did not arise from the use or operation of Officer Flores's patrol car, (2) the emergency exception of section 101.055(2) of the Texas Civil Practice & Remedies Code applies, and (3) the City had immunity by virtue of Officer Flores's official immunity.[2]

In his response to the City's plea to the jurisdiction, Treviño challenged the City's governmental immunity on only two grounds: (1) the City waived immunity because the accident arose out of the use and operation of Officer Flores's patrol car and (2) the "emergency exception" of section 101.055(2) did not apply.

## C.  Disposition and Appeal

The trial court granted the City's plea to the jurisdiction and motion to dismiss, but it did not state the grounds for doing so. Instead, its order stated in part as follows:

---

[2] Absent a legislative waiver, governmental entities are immune from suit for money damages. *Wasson Interests, Ltd. v. City of Jacksonville*, 489 S.W.3d 427, 430 (Tex. 2016). A governmental entity faced with a negligence claim may assert independent grounds to support its immunity from suit. For example, it may assert governmental immunity— a jurisdictional issue. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 369–70 (Tex. 2009). Or it may assert its employee's official immunity—an affirmative defense—for the performance of discretionary duties within the scope of the employee's authority. *Univ. of Hous. v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000) ("When official immunity shields a governmental employee from liability, sovereign immunity shields the governmental employer from vicarious liability.") (citing *DeWitt v. Harris Cnty.*, 904 S.W.2d 650, 653 (Tex. 1995)); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(B) (waiving a governmental unit's immunity if, inter alia, "the employee would be personally liable to the claimant according to Texas law"). "A governmental employee is entitled to official immunity for the good-faith performance of discretionary duties within the scope of the employee's authority." *Tex. Dep't of Pub. Safety v. Bonilla*, 481 S.W.3d 640, 642–43 (Tex. 2015); *accord Clark*, 38 S.W.3d at 580.

> After considering the Parties' pleadings, the testimony of Plaintiffs' witness and the arguments of counsel, the Court finds the CITY OF SAN ANTONIO'S Plea to the Jurisdiction and Motion to Dismiss for Lack of Jurisdiction and Second Supplemental Plea to the Jurisdiction and Motion to Dismiss for Lack of Jurisdiction should be, in all things, GRANTED.
>
> IT IS THEREFORE, ORDERED, that the CITY OF SAN ANTONIO'S Plea to the Jurisdiction and Motion to Dismiss for Lack of Jurisdiction and Second Supplemental Plea to the Jurisdiction and Motion to Dismiss for Lack of Jurisdiction is hereby SUSTAINED, and it is therefore ORDERED that this case is hereby DISMISSED FOR LACK OF JURISDICTION.

Treviño timely appealed. In his sole issue, he contends generally that the trial court erred by granting the City's plea to the jurisdiction and motion to dismiss. Specifically, he argues that the City's immunity was waived because (1) the accident arose from Officer Flores's negligent use of a City-owned motor-driven vehicle, and (2) the emergency exception under section 101.055(2) does not apply because Officer Flores's actions were not in compliance with laws and ordinances applicable to emergencies or were performed with conscious indifference or reckless disregard for the safety of others. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2).

In response, the City makes three arguments. First, Treviño failed to challenge Officer Flores's official immunity. Second, Treviño's claim did not arise from the use or operation of Officer Flores's patrol car. And third, in the alternative, the emergency exception applies. Because it is dispositive, we begin with whether Treviño challenged Officer Flores's official immunity.

### DID TREVIÑO FAIL TO CHALLENGE FLORES'S OFFICIAL IMMUNITY?

**A.     Standard of Review**

We review a trial court's ruling on a plea to the jurisdiction under a de novo standard. *Hous. Belt & Terminal Ry. Co. v. City of Hous.*, 487 S.W.3d 154, 160 (Tex. 2016).

**B.     City's Argument**

The City argues the trial court's order granting the plea to the jurisdiction and dismissal does not specify the grounds upon which that court based its ruling. Although admitting that

Treviño generally asserted that the trial court erred in granting the plea to the jurisdiction, the City contends Treviño nonetheless had the burden to challenge all independent bases or grounds that supported the order, which he did not. Given that Treviño failed to challenge Flores's official immunity, an independent ground supporting immunity, the City contends that this court must affirm the trial court's order of dismissal on that ground alone.

## C. Applicable Law

"To obtain a reversal of a trial court's judgment or order, '[a]n appellant must challenge all independent bases or grounds that fully support a judgment or appealable order.'" *Kneese v. Wells Fargo Bank, N.A.*, 2021 WL 3639675, *1 (Tex. App.—San Antonio, Aug. 18, 2021, no pet.) (alteration in original) (quoting *In re M.J.M.G.*, 543 S.W.3d 862, 864 (Tex. App.—San Antonio 2017, no pet.)); *see Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 680–81 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (reiterating that an appellant challenging an order that grants a plea to the jurisdiction must attack all independent grounds that fully support the plea).

"When a trial court issues an adverse ruling without specifying its grounds for doing so, the appellant must challenge each independent ground asserted by the appellee that fully supports the adverse ruling since it is presumed that the trial court considered all of the asserted grounds." *In re Elamex, S.A. de C.V.*, 367 S.W.3d 879, 888 (Tex. App.—El Paso 2012, orig. proceeding); *see Diamond Envtl. Mgmt., L.P. v. City of San Antonio*, No. 04-21-00058-CV, 2022 WL 4359085, at *2 (Tex. App.—San Antonio Sept. 21, 2022, pet. denied); *In re Am. Nat'l Cnty. Mut. Ins. Co.*, No. 04-17-00627-CV, 2017 WL 6502560, at *1 (Tex. App.—San Antonio Dec. 20, 2017, orig. proceeding). In the absence of a challenge to all asserted grounds, "we must accept the validity of the unchallenged independent grounds and affirm the adverse ruling." *In re Elamex*, 367 S.W.3d at 888; *accord Harris v. Gen. Motors Corp.*, 924 S.W.2d 187, 188 (Tex. App.—San Antonio 1996, writ denied).

An appellant may raise a general issue that contends that the trial court erred in its ruling, *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970), but if so, the appellant must also present arguments and supporting authority that challenge each individual ground to merit reversal. *Hall v. Houstonian Inv. Group, LLC*, 635 S.W.3d 449, 452 (Tex. App.—Texarkana 2021, pet. denied); *McCoy v. Rogers*, 240 S.W.3d 267, 272 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *see also Klentzman v. Brady*, 312 S.W.3d 886, 899 (Tex. App.—Houston [1st Dist.] 2009, no pet.). If the appellant fails to do so, error is not preserved, and the court has no choice but to affirm the adverse ruling. *In re Elamex*, 367 S.W.3d at 888; *see also Hall*, 635 S.W.3d at 452.

## D.     Analysis

The City's plea to the jurisdiction and motion to dismiss asserted its immunity based on Officer Flores's official immunity, which was a basis to shield the City from vicarious liability. *See Univ. of Hous. v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000) (citing *DeWitt v. Harris Cnty.*, 904 S.W.2d 650, 653 (Tex. 1995)) ("When official immunity shields a governmental employee from liability, sovereign immunity shields the governmental employer from vicarious liability."). The trial court granted the City's plea and dismissed Treviño's case, but its order did not state the grounds on which it granted the plea and motion to dismiss.

On appeal, Treviño presented a general issue contending the trial court erred by granting the City's plea to the jurisdiction and dismissal. *See Malooly Bros.*, 461 S.W.2d at 121. Treviño was nonetheless required to go further by challenging all possible grounds on which the trial court might have relied in rendering its ruling, including Officer Flores's official immunity, *see Hall*, 635 S.W.3d at 452; *McCoy*, 240 S.W.3d at 272, but he failed to do so. Nowhere in Treviño's brief is there any mention of official immunity, any of the elements of official immunity, or any attempt to demonstrate how that separate ground could not independently support the trial court's dismissal order. *Cf. Britton*, 95 S.W.3d at 680–81. Treviño simply failed to challenge the City's assertion

of immunity based on Officer Flores's official immunity, and we are precluded from reversing the trial court's dismissal order.  *See In re Elamex*, 367 S.W.3d at 888; *Harris*, 924 S.W.2d at 188.

## CONCLUSION

Because Treviño failed to address Officer Flores's official immunity, which was a ground the City asserted in its plea to the jurisdiction and which would fully support the order, we affirm the trial court's order dismissing all claims Treviño asserted against the City without considering Treviño's other two challenges to governmental immunity.  *See* TEX. R. APP. P. 47.1.

Patricia O. Alvarez, Justice